DA 12-0350

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 7N

JOSEPH M. BRUCE AND ANGELA A. BRUCE,

        Plaintiffs and Appellants,

    v.

NATIONAL CITY MORTGAGE, A DIVISION
OF NATIONAL CITY BANK,

        Defendant and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the Eleventh Judicial District,<br>In and For the County of Flathead, Cause No. DV 11-137<br>Honorable Ted O. Lympus, Presiding Judge |

COUNSEL OF RECORD:

        For Appellants:

                Darrell S. Worm; Ogle & Worm, PLLP; Kalispell, Montana

        For Appellee:

                Mark C. Sherer; Mackoff Kellogg Law Firm; Dickinson, North Dakota

Submitted on Briefs: December 19, 2012

Decided: January 15, 2013

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Plaintiffs Joseph and Angela Bruce appeal the District Court's grant of summary judgment in favor of Defendant National City Mortgage, which was a division of National City Bank (National).  We affirm.

¶3     The Bruces took out a loan with National in June 2007 to finance construction of and payment for their new home.  The loan documents called for a one-year construction phase followed by a thirty-year permanent mortgage.  During the construction phase of the loan, which specified five draws based on percentage of completion, the Bruces were to make interest-only payments on the amounts of the loan that were disbursed for construction costs.  If construction was completed and the final draw received by April 1, 2008, the Bruces could lock in at a 7.875% or lower interest rate for their thirty-year mortgage.  Before the final draw could be disbursed, however, the Bruces had to be current on their construction phase interest-only payments.  If those conditions were not met, the interest rate could be raised to 11.75% at National's "sole discretion."  National notified the Bruces by letter in September 2008 that the interest rate would be increased,

2

effective November 1, 2008, to 11.75% since there had been no disbursements for construction since May 8, 2008. The letter advised that the Bruces could prevent the rate increase by taking a draw from the construction loan prior to the effective date or, if construction was complete, "by locking and modifying to your permanent mortgage." In any event, all other terms and conditions of the loan remained in full force and effect.

¶4 The Bruces allege that National failed and refused to convert the initial construction financing to permanent financing under the terms of the Promissory Note and Deed of Trust. They claim that National advised them that they did not qualify for the permanent loan since they had not completed construction on time. The Bruces failed to make the $5,512.50 payment due on June 1, 2008. They made a payment in September 2008, which was applied to interest, and subsequently stopped making payments.

¶5 National instituted foreclosure proceedings under the Bruces' Deed of Trust. Approximately one week before the Trustee Sale, the Bruces filed a complaint in the Eleventh Judicial District Court seeking declaratory and injunctive relief and damages for breach of contract, breach of the implied covenant of good faith and fair dealing, and fraud. The Bruces did not file a motion for preliminary injunction and the sale occurred as scheduled. National moved for summary judgment on all claims in the complaint and the matter was submitted on the parties' briefs and affidavits.

¶6 The District Court found as an undisputed fact that the Bruces failed to pay all interest-only construction loan payments timely as agreed. Although the parties disputed

whether the project was completed by the deadline and whether the Bruces timely attempted to obtain a final disbursement, the court concluded that they could not have qualified for the lower interest rate even if they did complete construction on time because they were not current in the construction loan's interest-only payments.

¶7 We review a district court's ruling on motions for summary judgment de novo, applying the same M. R. Civ. P. 56(c) criteria as does the district court. We review for correctness a district court's legal conclusion that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Turner v. Wells Fargo Bank, N.A.*, 2012 MT 213, ¶ 11, 366 Mont. 285, ___ P.3d ___ (citations omitted).

¶8 On appeal, the Bruces maintain that the District Court ignored the disputed fact whether they completed construction and requested the final disbursement on time, a fact they claim is pivotal to National's contention that they were disqualified from the terms of their permanent loan and to the Bruce's contention that National breached its contract with them. National, however, points out that the date of completion was important only for the Bruces' ability to take advantage of a more favorable interest rate on their permanent loan and that they never were disqualified from their permanent loan. The September 17, 2008 letter on which both parties rely makes clear that National was increasing the interest rate to 11.75% and that "all other terms and conditions" of the loan remained in effect.

¶9 Although the Bruces dispute numerous facts, they do not dispute that they agreed in the Construction/Permanent Loan Agreement that all payments would be current prior

to the last advance on their construction loan. Nor do they dispute that they were twenty-two days late in making the interest payment that was due March 25, 2008, the last payment required before the April 1 "lock-in" deadline. Their payment was not made until April 16, 2008. National was within its contract rights to raise the interest rate on the loan and, when the Bruces were unable to make required payments, to institute foreclosure proceedings.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. In response to National's documentary evidence, the Bruces did not submit contrary evidence demonstrating a genuine factual issue for trial on their breach of contract claim or the related claims made in their complaint. The District Court ruled correctly that any factual disputes between the parties were not material to the Bruces' claims for relief and that National was entitled to judgment as a matter of law.

¶11 The judgment is affirmed.

/S/ Beth Baker

We concur:

/S/ Mike McGrath
/S/ Patricia O. Cotter
/S/ Michael E Wheat
/S/ Jim Rice

5